IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES DAVID LOGAN
ADC # 118770                                                                                    PLAINTIFF

V.                                       5:07CV00252 JMM/HDY

ARKANSAS DEPARTMENT OF CORRECTION;
LARRY NORRIS, Director, Arkansas Department of
Correction; LARRY MAY, Deputy Director, Arkansas
Department of Correction; and JOHN MAPLES,
Warden, Grimes Unit, Arkansas Department of Correction                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

Plaintiff, who is currently confined at the Grimes Unit of the Arkansas Department of Correction, filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging a violation of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 ("RLUIPA"). Plaintiff seeks injunctive relief to halt the Defendants from requiring him to cut his hair, arguing that his religion, Wicca, holds that his hair is a "tribute to the Goddess," and to cut it is a "rebuke" to her. The Defendants have filed a Motion to Dismiss (docket entry #9) and Plaintiff has filed his Responses (docket entries ## 13 & 30),[1] and the Court will now make its recommendations on the pending

---

[1] Plaintiff has sought, and received, several extensions of time in which to seek the intervention of the United States Attorney General on his behalf in this litigation. *See e.g.,* docket entries ## 16 and 20. The Motion to Dismiss has now been pending for over eight months.

request for dismissal.

## I. Standard of Review

In order to withstand a motion to dismiss, a pro se plaintiff must set forth enough factual allegations to "nudge their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)(*overruling Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.1985). However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002)(citations omitted).

Furthermore, the Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c); *Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1244 (8th Cr. 2006)("[W]ritten instruments attached to the complaint become part of it for all purposes. *See* Fed.R. Civ.P. 10(c). 'For that reason, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider material attached to the complaint.'")(internal citations omitted).

## II. Factual Background

Plaintiff has filed suit, alleging that he is of the sincere Wiccan belief that to cut his hair is a "rebuke" to the Goddess he worships, and that Arkansas Department of Correction Administrative Directive 98-04 violates his First Amendment rights. Specifically, the policy provides that inmates' hair must be loose, clean and neatly combed, and cut above the ear, with sideburns no longer than the middle of the ear lobe and no longer in the back than the middle of the nape of the neck. Plaintiff

alleges that he is required to cut his hair on "an almost weekly basis" to avoid disciplinary punishment by the Defendants because of this policy.

### III. Analysis

The United States Court of Appeals for the Eighth Circuit has previously held that hair length regulations are constitutional. *Hamilton v. Schriro*, 74 F.3d 1545, 1550 (8th Cir.1996). However, there remained the question whether RLUIPA provides greater protection.

RLUIPA provides in part: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the burden furthers "a compelling governmental interest," and does so by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2). RLUIPA has been upheld as constitutional by the United States Supreme Court. *Cutter v. Wilkinson*, 544 U.S. 709 (2005). The issue now is whether the regulation at bar violates RLUIPA. Assuming without deciding that Plaintiff's are sincerely-held religious beliefs, the Court finds that he is not entitled to relief under RLUIPA.

The Eighth Circuit Court of Appeals, in *Arnold v. Norris*, No. 07-1362, slip. op., 2007 WL 2653099 (8th Cir. July 8, 2008), recently affirmed this court's finding that the Arkansas Department of Correction's hair length policies, despite their conflict with an inmate's religious beliefs, are "supported by legitimate penological concerns." *Arnold* concerned a female inmate who was required to submit to periodic, and at times, involuntary, haircuts, to meet the Arkansas Department of Correction's hair length policies. This court found that, giving due deference to the expertise of the prison administration, the grooming policy requirements as to hair length were the least restrictive alternatives available to accomplish their legitimate concerns as to: 1) the health and hygiene of the inmates; 2) the standardization of appearance throughout incarceration to minimize opportunities for disguise, such as in the event of escape; and 3) the minimization of methods to

conceal and transport weapons and other contraband.

This court, in deciding *Arnold*, relied upon the findings in a case involving similar facts, *Fegans v. Norris*, case no. 4:03CV00172 (E.D. Ark.). There, United States District Judge James M. Moody found that the Arkansas Department of Correction's grooming restrictions were contrary to the religious beliefs of a male inmate who did not want to cut his hair. However, the restrictions did not violate his First Amendment rights, were supported by legitimate penological concerns, and were the least restrictive alternative available to accomplish the concerns of the institution. Judge Moody noted that *Cutter* said courts should give "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security, and discipline" when reviewing a regulation under RLUIPA's compelling interest standard. Therefore, the court held, the grooming policy did not violate RLUIPA or the Equal Protection Clause. *See also Newingham et al. v. Magness et al.*, case number 5:06CV00275 WRW, slip. op., 2007 WL 748372 (E.D. Ark. March 18, 2008)(dismissing Plaintiffs' claims that the Arkansas Department of Correction grooming policy violated their free exercise rights and RLUIPA because the policy was the least restrictive alternative available to accomplish to prison's compelling security concerns).

In light of all of these rulings considering the Arkansas Department of Correction's grooming policies in light of the strict standards imposed under RLUIPA and the Equal Protection Clause, the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim. For all these same reasons, Plaintiff is not entitled to injunctive relief from the application of the grooming policy.

Accordingly, the undersigned further recommends that Plaintiff's cause of action be dismissed, with prejudice.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED that:

1.  Plaintiff's request for injunctive relief be DENIED;

2.  Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted; and

3.  The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this __28__ day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE